IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENT PURCHASE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-1075-NJR-CJP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner Of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

By Complaint filed on September 29, 2015, Kent Purchase seeks judicial review of a final decision by the Commissioner of the United States Social Security Administration pursuant to 42 U.S.C. § 405(g). Now before the Court is Mr. Purchase's motion for leave to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 3), as well as his Motion for Service of Process at Government Expense (Doc. 4).

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). The statute also requires the Court to scrutinize the complaint filed by an indigent plaintiff and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Mr. Purchase has submitted the requisite affidavit (Doc. 3), and based on the information contained in the affidavit, the Court finds him to be indigent within the meaning of § 1915(a)(1). Mr. Purchase is unemployed and unable to work. His wife has a job, however, she earns only approximately $1,000 per month. Their monthly expenses, not including food, total over $700. They own a home, but he did not indicate how much the home is worth, the equity they have in the property, or the remaining debt on their mortgage. They own three automobiles, all of which are at least twelve years old and have a combined value of under $8,000. They have less than $200 in cash on hand. Additionally, Mr. Purchase has one college-age daughter who still lives at home and is dependent on him for support. It is clear that Mr. Purchase has exceedingly little discretionary income. Under these circumstances, the filing fee presents a significant hardship, and the Court cannot conclude that Mr. Purchase's allegation of poverty is "untrue." Nor can the Court conclude that the action is frivolous or malicious. Mr. Purchase's complaint does not fail to state a claim upon which relief can be granted, and the named Defendant is not immune from suit for the requested relief.

Accordingly, the Court **GRANTS** the motion for pauper status (Doc. 3) and **GRANTS** the motion for service of process. The Clerk of Court is **DIRECTED** to prepare and issue summons and three USM-285 forms. The Clerk **SHALL** deliver the summons and two copies, the three completed USM-285 forms, three copies of the complaint, and three copies of this Memorandum and Order to the United States Marshal Service for service. The United States Marshal **SHALL**, in accordance with Rule 4(i) and (1) personally or by registered or certified mail serve the summons (or a copy of the

summons), a copy of the complaint, and a copy of this Memorandum and Order on: the Commissioner of the Social Security Administration, (2) the U.S. Attorney's Office for the Southern District of Illinois, and (3) the U.S. Attorney General. All costs of service shall be advanced by the United States.

    **IT IS SO ORDERED.**

    **DATED:   October 2, 2015**

                                        **s/ Nancy J. Rosenstengel**
                                        **NANCY J. ROSENSTENGEL**
                                        **United States District Judge**