IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENT PURCHASE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 15-cv-1075-JPG-CJP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

Before the Court is Defendant's Motion to Dismiss with Prejudice. (Doc. 18). The *pro se* plaintiff filed a response. (Doc. 21).

Plaintiff applied for social security disability benefits pursuant to 42 U.S.C. §423. After entry of a final order denying his application, he filed suit in federal court seeking judicial review pursuant to 42 U.S.C. §405(g). Defendant argues that this action must be dismissed because plaintiff filed suit one day late.

**Procedural History**

The transcript of administrative proceedings has not been filed yet, so the full procedural history is not available to the Court. However, documents attached to defendant's memorandum in support (Doc. 19) provide sufficient information.

An ALJ denied plaintiff's application for benefits in a written decision dated March 3, 2014. (Doc. 19, Ex. 1, pp. 6-19). Plaintiff requested review by the Appeals Council. Review was denied in a letter dated July 23, 2015. (Doc. 19, Ex. 1, pp. 17-19). That letter informed the plaintiff that he had sixty days in which to file a civil action, and that the sixty-day period started the day after he received the July 23, 2015, letter. Furthermore, it stated that the agency would

1

assume that plaintiff "received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (Doc. 19, Ex. 1, p. 18).

The letter also informed plaintiff that he could ask the Appeals Council for more time to file suit. (Doc. 19, Ex. 1, p. 19). An agency employee filed a Declaration summarizing her review of the claim file on plaintiff's application. She stated that she was not aware of any request for extension filed by plaintiff. (Doc. 19, Ex. 1, p. 3). Plaintiff's complaint was filed on September 29, 2015. (Doc. 1).

## Applicable Law

42 U.S.C. §405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Although §405(g) refers to "sixty days after the mailing" of the notice of denial, the agency's interpretation is that the sixty-day period begins to run upon receipt of the notice of denial, and receipt is presumed to be five days after the date on the notice. 20 C.F.R. §422.201(c).

The sixty-day period set by §405(g) is not jurisdictional and, in a proper case, is subject to equitable tolling. *Bowen v. City of New York*, 106 S. Ct. 2022, 2029 (1986).

## Analysis

The Appeals Council notice was dated July 23, 2015. Plaintiff does not dispute that he received the notice within five days of that date. Therefore, applying the agency's five-day rule, he had until September 28, 2015, to file a timely complaint.[1]

---

[1] The sixtieth day was September 26, 2015, which was a Saturday, so the complaint was due on Monday, September 28, 2015.

Plaintiff was aware that his complaint was due on September 28, 2015. He explains in his response that the weather on that date was stormy. He called the clerk's office in this District's Benton Courthouse on the morning of September 28, 2015, and asked whether he could fax his complaint to the courthouse. He says he was told that he could not because he was filing *pro se*. He then asked how he could file suit without driving to Benton because he was located seventy miles away and the weather was stormy. He alleges that the clerk told him that "whatever date it is postmarked that will be the date used as the filing date." He states that he mailed his complaint on September 28, 2015. (Doc. 21).

This case was opened by the clerk's office at the Benton Courthouse on September 29, 2015. The record does not contain a copy of the post-marked envelope in which plaintiff's pleadings arrived, but the complaint, motion for leave to proceed in forma pauperis, and motion for service of process at government expense were signed by plaintiff on September 28, 2015.

In the absence of any evidence to the contrary, the Court accepts as true plaintiff's statements about his conversation with the clerk's office on September 28, 2015.

The information given to plaintiff by the clerk was incorrect. Per Federal Rule of Civil Procedure 5(d), a paper is filed by "delivering" it to the clerk. The general rule in federal court is that the date on which the clerk receives the pleading, not the date on which the pleading was mailed, is the date on which the pleading is filed. *Raymond v. Ameritech Corporation*, 442 F.3d 600, 604 (7th Cir. 2006). A "mailbox rule" does apply to pleadings filed by *pro se* prison inmates, *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015), but the rule does not extend to *pro se* litigants like plaintiff, who are not incarcerated.

Clearly, plaintiff's complaint was filed one day late. However, in the circumstances of this case, the Court concludes that plaintiff is entitled to equitable tolling.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005).

The Supreme Court has noted that the limitations period created by §405(g) is part of a statute that is "unusually protective" of claimants, and that Congress has authorized the agency to toll the period for reasons of fairness. *Bowen v. City of New York*, 106 S. Ct. 2022, 2029 (1986). While equitable tolling does not apply to a claim of garden variety excusable neglect, it does apply where an adversary has induced a party to miss a filing deadline. *Irwin v. Department of Veterans Affairs*, 111 S. Ct. 453, 458 (1990).

Here, of course, there is no allegation that the Social Security Administration provided any incorrect information to plaintiff. However, he was diligently pursuing his rights, and relied on incorrect information given to him by a court employee. Plaintiff is preceding *pro se*. Under the circumstances, fairness dictates that the limitations period be equitably tolled.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss with Prejudice (Doc. 18) is **DENIED**. The Defendant shall file her answer and the transcript of administrative proceedings by **January 23, 2017**.

**IT IS SO ORDERED.**

**DATE:** 11/29/2016

                                      *s/J. Phil Gilbert*
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**